```
               IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF KANSAS


ROLLY O. KINNELL,

              Petitioner,

              v.                     CASE NO. 00-3235-SAC

STATE OF KANSAS, et al.,

              Respondents.
```

### O R D E R

This petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 was denied on the merits in a Memorandum and Order dated December 14, 2001. Petitioner filed no timely appeal. Then in 2003, Mr. Kinnell filed a motion for relief from judgment and a demand for declaratory judgment or, in the alternative, notice of appeal from the final order entered on December 14, 2001. In these two post-judgment pleadings petitioner raised the same claims he had presented in his original application. Order (Doc. 50)(Aug. 15, 2003). The motion for relief from judgment was treated as a second and successive habeas corpus application in accord with 28 U.S.C. 2244(b)(3)(A), and transferred to the Tenth Circuit for authorization to file, which that court denied. Kinnell v. State of Kansas, No. 03-3249 (10th Cir. Oct. 3, 2003).

The matter is now before the court on petitioner's "Motion for Leave of this Court to File Void Judgment in Tenth Circuit Court of Appeals Showing Clear Default" (Doc. 58). Another substantive motion filed in this closed habeas corpus case could be one of two things, either a "true" Rule 60(b) motion "designed to cure

1

procedural violations in an earlier proceeding" or a second and successive habeas corpus petition.  See Abdur'Rahman v. Bell, 537 U.S. 88, 95 (2002); Spitznas v. Boone, 464 F.3d 1213, 1215-16 (10th Cir. 2006)[1].  Mr. Kinnell's "Motion for Leave" clearly does not constitute a "true" Rule 60(b) motion and does not provide any indication that such a motion is what petitioner seeks leave to file.  None of the statutory grounds for relief under Rule 60(b) is referenced.

The court could construe this motion as Mr. Kinnell's attempt to file a second and successive habeas petition, since the body of the motion repeats challenges to his state conviction.  It is well-established that such post-judgment motions filed in federal habeas corpus proceedings are to be construed as second or successive habeas petitions.  See Lopez v. Douglas, 141 F.3d 974, 975 (10th Cir. 1998)("Rule 60(b) cannot be used to circumvent restraints on successive habeas 2244(b)(3)(A).").  If the court construes this post-judgment motion as a second or successive petition, it lacks jurisdiction to consider it since there is no indication petitioner

---

[1] As the Tenth Circuit explained in Spitznas, 464 F.3d at 1215:
"[I]n Gonzalez v. Crosby, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005), the Supreme Court overruled our holding in Lopez v. Douglas, 141 F.3d 974 (10th Cir. 1998), that all Rule 60(b) motions in habeas proceedings must be treated as second or successive habeas petitions for purposes of 28 U.S.C. § 2244(b).  Accordingly, we now must distinguish between Rule 60(b) motions that are "true" Rule 60(b) motions and second or successive habeas petitions that merely masquerade as Rule 60(b) motions.  Spitznas, 464 F.3d at 1215-1219.  "Under Gonzalez, a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." Id. at 1215.  In the event we determine that the district court incorrectly treated a motion for a successive or second habeas petition as a Rule 60(b) motion, "we will vacate the district court's order for lack of jurisdiction and construe the petitioner's appeal as an application to file a second or successive petition." Id. at 1219.

obtained authorization from the Tenth Circuit Court of Appeals. Thus, the matter would have to be transferred to the Tenth Circuit Court of Appeals for authorization. See Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997)(when a second or successive 2254 petition is filed without authorization by court of appeals, district court is to transfer petition or motion to court of appeals in interest of justice pursuant to 28 U.S.C. 1361)(per curiam).

However, under the facts of this case, that course would not serve the interest of justice.  A third alternative exists in this particular case because filing restrictions were placed upon Mr. Kinnell due to his abusive filings herein[2].  Mr. Kinnell is also a three-strikes litigant and has filed numerous frivolous and abusive pleadings in other cases as well.  Since Mr. Kinnell was specifically ordered herein to seek leave of court before he filed any further pleadings in this case, the court construes this pleading solely as a motion for leave of court to file pleadings.

Petitioner encaptions his motion as "Motion for Leave of this Court to file . . . ," but the body and substance of the motion do not convince this court that he should be granted leave to file another pleading in this case, which was dismissed over five years ago.  For example, Mr. Kinnell does not allege that he can present new claims based on newly discovered evidence or a change in

---

[2] In another Order entered herein on October 12, 2005 (Doc. 57), Mr. Kinnell was ordered to seek leave of the court before submitting "any other pleading for filing in Case No. 00-3235," and advised that failure to comply could result in striking of the pleading without prior notice.

controlling law, or any other extraordinary circumstances which might compel this court to grant such leave.  Instead, Mr. Kinnell simply continues to rehash his arguments already rejected in this case; and on those same grounds seeks leave to state claims against new defendants, to move for a hearing by a three judge panel, and to submit pleadings containing arguments in support of his allegation that the judgment dismissing this case should be vacated.  This is a habeas corpus action, and thus, the only proper respondent is petitioner's custodian.  The other pleadings he seeks to file are precisely the types of pleadings which compelled this court to impose filing restrictions upon him.

For all the foregoing reasons, the court denies Mr. Kinnell's motion for leave to file pleadings (Doc. 58) as without sufficient basis and not in the interest of justice.

**IT IS THEREFORE ORDERED** that petitioner's motion for leave to file pleadings herein (Doc. 58) is denied.

**IT IS SO ORDERED.**

Dated this 24th day of October, 2007, at Topeka, Kansas.


s/Sam A. Crow
U. S. Senior District Judge