```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**ROLLY O. KINNELL,**

                      Petitioner,

         v.                          CASE NO. 00-3235-SAC

**STATE OF KANSAS,**
**et al.,**

                      Respondents.

### O R D E R

This habeas corpus action filed pursuant to 28 U.S.C. § 2254 was dismissed over six years ago on December 14, 2001 (Doc. 45). Petitioner failed to file a timely Notice of Appeal[1]. He has however submitted repetitive, frivolous, frequently incoherent, post-judgment motions and other materials despite general filing restrictions imposed by the court over two years ago. On October 12, 2005, the court ordered:

> [P]etitioner shall seek leave of the court before he submits any other pleading for filing in this action. Any such request shall reference the present order. The failure to comply with this directive may result in the striking of the pleading without prior notice to petitioner.

Kinnell v. State, Case No. 00-3235 (Doc. 57) at 1 (D.Kan. Oct. 12, 2005). On October 24, 2007, this court considered another post-judgment motion filed by petitioner and held:

> [F]iling restrictions were placed upon Mr. Kinnell due to his abusive filings herein. Mr. Kinnell is also a three-strikes litigant and has filed numerous frivolous and abusive pleadings in other cases as well. Since Mr. Kinnell was specifically ordered herein to seek leave of court before he filed any further pleadings in this case, the court construes this pleading solely as a motion

---

[1] For a discussion of the procedural history since this case was dismissed see the Order entered herein on October 24, 2007 (Doc. 59).

> for leave of court to file pleadings. Petitioner encaptions his motion as "Motion for Leave of this Court to file . . . ," but the body and substance of the motion do not convince this court that he should be granted leave to file another pleading in this case, which was dismissed over five years ago. For example, Mr. Kinnell does not allege that he can present new claims based on newly discovered evidence or a change in controlling law, or any other extraordinary circumstances which might compel this court to grant such leave. Instead, Mr. Kinnell simply continues to rehash his arguments already rejected in this case . . . . The other pleadings he seeks to file are precisely the types of pleadings which compelled this court to impose filing restrictions upon him.

Mr. Kinnell was still not deterred and submitted more motions, which were construed as motions for leave to file pleadings and denied on February 26, 2008.[2]

This matter is now before the court because several more mailings have been received from Mr. Kinnell. The court has reviewed those materials, which are entitled as follows: "Motion for Leave to File Relief from Judgment of Habeas Corpus Under Article III, 2, With Affidavit of Prejudice" received February 21, 2008; "Motion for Leave of Court to File Relief from Order of this Court Rule 60(b)(3)(4)(6) and Rule 15(a)(b)(c)(1)(2)" received April 4, 2008; "Motion for Leave to Have Corrected A Void Judgment" received May 6, 2008; "Motion for Leave to Present Recent Exhaustion Upon State Not Having Jurisdiction" received June 4, 2008; "Rule 12(a)(A)(3)(A) Jurisdiction 28 U.S.C. 2201-02 pursuant to Rule 60(b)(3)(4)(6), Rule 15(a)(b)(c)(2) in 2003, under Rule 201(A)(b)" received June 17, 2008; and "Motion for Leave of Court

---

[2] Thereafter, petitioner apparently filed an action in the Tenth Circuit Court of Appeals, which was dismissed on account of his failure to prepay the $450.00 filing fee as required by filing restrictions imposed upon him by that court. Appeal No. 08-3043 (May 15, 2008)(Doc. 72).

to File for Consolidation with the 1998 Case Denied 1998-2000" received June 30, 2008. The court has also reviewed petitioner's "Motion for Leave to File Upon Pleadings to Bring Under Article III, 1, 2" (Doc. 69) and "Affidavit as Declaration in Compliance with 28 U.S.C. 1746, and under Crim.Proc. Rule on Perjury Against Sam Crow" (Doc. 70), which were filed upon receipt by the Clerk.

The court finds from these materials and the record that Mr. Kinnell continues to fail or refuse to abide by the filing restrictions ordered in this and some other of his twenty-three closed federal cases. The court further finds that the materials submitted by Mr. Kinnell in this case since the court's last order, are not simply motions for leave to file pleadings in this case. Instead, they are the pleadings and exhibits he intends to have filed herein. On some he has inserted the words "Motion for Leave to File" before the title of the pleading. Nevertheless, the document does not comply with the court's prior order that he seek leave of court <u>before</u> submitting any further pleading. Nor do they refer to the court's prior order setting forth filing restrictions. The court further finds that this set of submitted materials contains no significant new facts, arguments, or authorities that would support a timely, proper post-judgment motion. The court shall construe and deny the two pleadings that were filed as motions (Docs. 69 & 70) and return the other materials unfiled due to petitioner's failure to comply with the existing filing restrictions in this case.

In the interest of preserving judicial resources, the court finds it necessary at this time to order additional restrictions

upon Mr. Kinnell in this case[3]. After the entry of this Order, the only pro se pleading that will be accepted by the clerk's office from Mr. Kinnell for filing in this case is a single-paged motion with the case caption and title of "Motion for Leave to File Pleading" at the top[4]. In the body of this motion, Mr. Kinnell must state the title of the pleading he wishes to file herein and in a sentence or two very briefly describe the pleading's legal and factual basis. The pleading he seeks to file is not to be included with the motion. If a pleading is submitted for filing before this court has entered an order granting petitioner's motion for leave to file that particular pleading, the pleading and the motion for leave shall not be filed but shall be returned to petitioner. In addition, Mr. Kinnell's "Motion for Leave to File Pleading" must be based upon relevant facts, Supreme Court authority, or arguments that he has not presented in prior pleadings filed herein; and he must so aver in his motion. Any motion that does not contain a credible averment that it is based upon new facts, authority, or arguments will be denied. Lastly, Mr. Kinnell must attach to any "Motion for Leave to File Pleading" a copy of this Order containing the filing restrictions in this case. If a copy of this Order is not attached so that the clerk is made immediately aware of these

---

[3] Similar restrictions will be ordered in Kinnell v. Veterans Affairs Sec'y, et al., No. 98-3112 (D.Kan. Dec. 9, 1998); and Kinnell v. U.S.A., et al., No. 02-3228 (D.Kan. Aug. 21, 2002).

[4] Mr. Kinnell is also directed to file any motion in one case only. If he wishes to file the same motion in two cases, he must submit a second motion with the second case number only in the caption. None of his closed cases were consolidated, and any request for consolidation of closed cases is denied. The latest mailing listed in this order to be returned has both Case No. 00-3235 and Case No. 98-3197 in the caption. This document shall be returned in this case and not filed in either.

4

restrictions before filing the motion or pleading, the document will be stricken once the noncompliance is discovered by the clerk or the court.

**IT IS THEREFORE ORDERED** that the materials received by the clerk of the court from Mr. Kinnell listed by dates and titles herein and not yet filed, be returned to Mr. Kinnell without filing because they are not in compliance with the filing restrictions in this case.

**IT IS FURTHER ORDERED** that the pleadings filed as Documents 69 and 70 are construed as motions for leave to file and are denied because they are not in compliance with the filing restrictions in this case.

**IT IS FURTHER ORDERED** that after the entry of this Order the only pro se pleading that will be accepted from Mr. Kinnell for filing herein is a single-paged "Motion for Leave to File Pleading" that complies with the restrictions more fully set forth in the foregoing Order.

The Clerk is directed to flag this case with the "Pre-Filing Restrictions" flag, and to return any paper received from Mr. Kinnell for filing in this case that is not a single-paged "Motion for Leave to File Pleading" with a copy of this Order attached.  The Clerk should make a text-only entry on the docket each time she or he returns non-complying papers to Mr. Kinnell without filing.

**IT IS SO ORDERED.**

Dated this 8th day of July, 2008, at Topeka, Kansas.

5

s/Sam A. Crow
U. S. Senior District Judge
