IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ROLLY O. KINNELL,

                    Petitioner,

          v.                              CASE NO.  00-3235-SAC

STATE OF KANSAS,

                    Respondent.

### O R D E R

     This matter is before the court on petitioner's "Motion for
Leave of Court to File Relief from Judgment" (Doc. 87) and attached
papers.  The motion is construed as a Motion for Leave to File
Pleading (Doc. 87), which is the only motion petitioner is
permitted to file herein.  The court finds that this motion and the
other papers now before the court do not comply with filing
restrictions in this case, as they are clearly more than a single-
page with a copy of the court's filing restrictions order attached,
and the content is also non-compliant.  The allegations made in
this motion very clearly challenge Kinnell's state conviction, and
include that the state court lacked jurisdiction over petitioner,
his offense, and his sentence of 162 months; that venue in Kansas
was improper; that "service of the filed informations" was
insufficient, and  that the State failed to prove beyond a
reasonable doubt all lawful elements of the crime in K.S.A. § 21-
3414(1)(A).  Mr. Kinnell has been repeatedly informed that claims
which either were or could have been decided in this case are not

a proper basis for post-judgment relief [1]. Accordingly, this motion, treated as a Motion for Leave to File Pleading, shall be denied.

## NO FILE ORDER

The court appreciates that Mr. Kinnell has obviously made some effort to comply with some of the filing restrictions in this case. However, based upon the continually expanding record herein, and for reasons that follow, the court has come to the conclusion that petitioner should be enjoined from filing any further papers in this case.

The court first finds that Mr. Kinnell continues to abuse judicial process in this   case despite the court's efforts to curtail that abuse. This pro se habeas corpus petition was filed on June 23, 2000, an Answer and Return was filed by Respondent together with the state records, petitioner filed a Traverse, and the action was dismissed on the merits in a Memorandum and Order entered December 14, 2001[2]. The court notes that petitioner filed

---

[1]   If the court granted this motion to file pleading and permitted Mr. Kinnell to submit his motion for relief   from judgment,   the latter motion technically would be a second and successive § 2254 petition requiring prior authorization   from the Tenth Circuit   Court of Appeals under 28 U.S.C.   § 2244(b)(1).   Petitioner   is well aware that this court lacks jurisdiction to consider the merits of any old or new § 2254 claims challenging his 1998 state conviction, unless he has obtained prior authorization. United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006).   Justice would not be served by allowing petitioner to file another motion that must be construed as a second and successive habeas petition. See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008).

[2]   In this pro   se petition under 28 U.S.C.   § 2254, Mr. Kinnell challenged his 1998 state criminal conviction in Bourbon County Case No.98-CR-195 of aggravated battery and assault.   The claims presented by petitioner and denied by the court were: amendments to the information were either defective or

at least 26 unnecessary motions and notices while this action was
pending.  Petitioner did not directly appeal the order denying
relief.

        Over two years later, Mr. Kinnell filed a motion for relief
from judgment and motion for declaratory judgment, raising the same
claims he had presented in his Petition.  The court construed the
motions as an attempt to file a second or successive § 2254
petition and transferred it to the Tenth Circuit Court of Appeals
for prior autho rization (Doc. 50), which they denied (Doc. 53).
Two years later, Kinnell  filed a "motion for a hearing before a
three judge panel" (Doc. 54), which was denied (Doc. 55).  He then
filed an Affidavit of Prejudice Against the undersigned judge (Doc.
56).  On October 12, 2005, the  court addressed the affidavit and
ordered Kinnell to "seek leave of court before he submits any other
pleading for filing in this action."  He thereafter filed 7 more
motions, which were treated as motions for leave to file and denied
(Docs. 59, 68).  He then filed  a "Motion for Leave  to File Upon
Pleadings to Bring Under Article III" (Doc. 69) and another
affidavit (Doc. 70)[3].  He evidently also filed a Notice of Appeal,
because on March 18, 2008, the Tenth Circuit entered an Order

_____

improper; petitioner was either denied the right to effectively represent himself
or his waiver ofcounsel for self-representation was not knowing and intelligent;
K.S.A. 21-3414 defining aggravated battery as "intentionally causing great bodily
harm to another person or disfigurement of another person" was unconstitutionally
vague; and the evidence was insufficient     to support petitioner's  battery
conviction in that the small bat used to strike the victim was not deadly and the
victim was not disfigured.

        [3]     These filings were construed as motions for leave to file and denied
(Doc. 73).

finding that "the filing restrictions im   posed by 28   U.S.C. § 1915(g)" appeared to be applicable and ordering Kinnell to either prepay the appellate filing fee of $450.00 in full or show cause why the restrictions in Kinnell v. Sec. Veterans Affairs   do not apply (App.Case No. 08-3043)(Doc. 71).  The appeal was thereafter dismissed for lack of prosecution (Doc. 72).

Despite restrictions, Mr. Kinnell continued to submit non-complying materials in this and other closed cases.  Additional materials were received, which were not in compliance with filing restrictions, and the court directed the clerk to return them to Kinnell by order dated July 10, 2008 (Doc. 73).  In that order, the court found:

> Mr. Kinnell continues to fail or refuse to abide by the filing restrictions ordered in this and some other of his twenty-three closed federal cases.  The court further finds that these materials do not comply with the filing restrictions already imposed and recited herein. . . .  [T]he court further finds that this set of submitted materials contains no significant new facts, arguments, or authorities that would support a timely, proper post-judgment motion.

(Doc. 73).  The court   thereupon imposed more specific filing restrictions with directions in this case, finding it in "the interest of preserving judicial resources" to limit Kinnell's pro se pleadings submitted herein to a single-paged "Motion for Leave to File Pleading" with the "title of the pleading he wishes to file herein" in the body together with "a sentence or two very briefly describ(ing) the pleading's legal and factual basis."  It was believed this would assist Mr. Kinnell to file only proper motions,

as well as enable the clerk to determine his compliance with the restrictions prior to filing and to immediately return any non-complying papers (Doc. 73).  The court also required that any motion be "based upon relevant facts, Supreme Court authority, or arguments that he has not presented in prior pleadings filed herein."

Since then, Mr. Kinnell has continued to file materials in this post-judgment, post-appeal-time case, some of which have been returned as non-compliant with notations on the docket sheet, and others denied by the court as non-compliant, and/or repetitive and abusive.  He also filed another Notice of Appeal (Doc. 79) of the court striking his filings.  The appeal was dismissed (Doc. 86) for lack of jurisdiction because the order appealed from is "neither a final order nor a qualifying interlocutory order."  The Tenth Circuit also found that the appeal did not comply with restrictions imposed by them upon Kinnell for filing any appeal, and assessed the $455.00 filing fee.  Kinnell v. State of Kansas, No. 08-3228 (10th Cir., Jan. 8, 2009).   Kinnell has  since submitted non-complying materials on three different dates, which have been returned by the clerk as noted on the docket, and the motion denied herein.

The court finds that, at the time of this writing, Mr. Kinnell has filed 13 post-judgment motions, numerous non-complying materials that have been returned, and 3 appeals in this action. After the judgment denying relief was docketed (Doc. 45), his filings have generated an additional 42 docket entries in this

long-closed case.

        Second, the court holds that Mr. Kinnell has no
constitutional or other legal right that will be infringed by
putting an end to his filing in this case[4].  His rights of access
to the courts and to petition for redress certainly do not hinge on
his being able to file an endless stream of repetitive, frivolous
motions herein[5].  His original claims were soundly rejected by this
court, and no appeal was taken.  Despite numerous opportunities,
Kinnell has consistently failed to propound any legitimate factual
or legal basis for post-judgment relief.  He merely continues to
improperly argue and reargue his claims as well as inject different
claims and tangential matters.  Cf., Fed.R.Civ.P. Rule 60(b).  Nor
can the court conceive of any basis upon which the judgment entered
herein over seven years ago and not appealed could be voided.  See
Fed.R.Civ.P. Rule 60(b).  Moreover, new habeas claims, like
reasserted ones, cannot properly be litigated in a post-judgment
motion.  Instead, any new habeas claim Kinnell may have now or in
the future must be raised in a new petition for writ of habeas
corpus, accompanied by prior Circuit Court authorization.

        An order enjoining further filings in this case will not

_____

        [4]     "It can hardly be doubted that deterring frivolous and malicious
lawsuits, and thereby preserving scarce judicial resources, is a legitimate state
interest."  White v. Colorado, 157 F.3d 1226, 1234 (10th Cir. 1998)(citing Carson
v. Johnson, 112 F.3d 818, 821 (5th Cir. 1997); see also Wilson v. Yaklich, 148
F.3d 596, 604 (6th Cir. 1998)(noting Congress' legitimate interest in deterring
frivolous prisoner filings in the federal courts)), cert. denied, 526 U.S. 1008
(1999).

        [5]     See White, 157 F.3d at 1233 ("Congress is no  more compelled to
guarantee free access to federal courts than it is to provide unlimited access
to them.")(citation omitted).

impair Mr. Kinnell's ability to bring new habeas claims beyond the limitations already imposed by Congress upon the bringing of a second and successive petition set forth in 28 U.S.C. § 2244.  Mr. Kinnell does not avoid those statutory restrictions by repetitively seeking post-judgment relief.

The court concludes that no useful  purpose is  served by allowing Mr. Kinnell to file more  post-judgment motions in this case.  It will only lead to  further squandering of t he federal judicial system's and his own limited resources.  Accordingly, the court announces its intention, under these unique circumstances, to enjoin Mr. Kinnell from filing any further papers of any kind in this case.  The court takes this action in furtherance of its power and duty to manage its own docket and protect limited judicial resources from irresponsible abuse.

Mr. Kinnell will be given ten (10) days to object to this proposed no-file restriction.  His objections are limited to five pages including attachments, and may not contain any arguments on his claims in this or his other cases, but may only address the proposed no-file order itself.  If no objections are timely filed, or if the objections are improper or without merit, this court will enter an order  enjoining Mr. Kinnell from filing any further materials in this case,  and direct the clerk to flag this case accordingly and promptly return any and all materials submitted by Mr. Kinnell for filing herein.

Any Notice of Appeal of this order filed by Mr. Kinnell that is submitted without prepayment of the full appellate filing

fee is not taken in good faith[6].

**IT IS THEREFORE ORDERED** that petitioner's "Motion for Leave to File Pleading" (Doc. 87) is denied.

**IT IS FURTHER ORDERED** that petitioner is granted ten (10) days in which to file written objections to the court's proposed order to enjoin him from filing any further materials in this case.

**IT IS SO ORDERED.**

Dated this 1st day of April, 2009, at Topeka, Kansas.


s/Sam A. Crow
U. S. Senior District Judge

---

[6]     The court finds that neither the original Petition nor any motions filed by petitioner herein have suggested that "imminent danger of physical injury" is an element in this case.